In Re:

Chendamarai Dasarathy                          Case No. 16-50152-lsg
                                                                        Chapter 13
        Debtor.                                 Hon. Lisa S. Gretchko
_____/

## DEBTOR'S PROPOSED PLAN MODIFICATION #2

Now comes Debtor, Chendamarai Dasarathy ("Debtor"), by and through counsel and states as follows:

1. Debtor filed for relief under Chapter 13 on July 19, 2016.

2. Debtor's plan was confirmed on August 16, 2017.

3. On August 5, 2020 Debtor's confirmed plan was modified. The first modification increased the plan length from 60 months to 72 months from the date of confirmation.

4. Proof of Debtor's current income has been provided to the Trustee under separate cover.

5. The Debtor was initially diagnosed with Covid-19 in March 2020. Subsequently, in March 2021 Debtor fell ill a second time and was advised to self-quarantine. After several hospital visits to address this second bout of Covid, Debtor was unable to return to work without limitations until June 2021. Based upon the foregoing and with the hope of alleviating some of the financial stress caused by his inability to work due to illness, Debtor is seeking to excuse the plan payment delinquency in the amount of

1

$16,510.36 and also decrease the ongoing monthly plan payment from $4,110.00 per month to $3,401.00 per month effective August 18, 2021.

6. Debtor is also seeking to reduce the amount to be paid to the Class 9 General Unsecured creditors from 100% plus 5% interest to 0%. An amended Liquidation Analysis has been filed that reflects total administrative costs in the event of a conversion to Chapter 7, including the cost of sale for Debtor's real property located at 16382 Mulberry Way Northville, MI 48168.

7. Effect of Proposed Plan Modification #1 on creditors:

   a. Class One: No adverse impact and will continue to be paid pursuant to the Plan.
   b. Class Two: No impact as Class Two creditor shall continue to be paid pursuant to the Plan;
   c. Class Three: No impact as there are no Class Three creditors;
   d. Class Four: No impact as to the Class 4.2 Creditors as they will continue to receive payments pursuant to the plan as last modified;
   e. Class Five: No adverse impact as there are no Class Five Creditors
   f. Class Six: No impact as there are no Class Six creditors;
   g. Class Seven: No impact as there are no Class 7 creditors;
   h. Class Eight: No impact as there are no Class Eight creditors;
   i. Class Nine: Claims of Class 9 General Unsecured Creditors shall receive 0%.

WHEREFORE, Debtor requests this Court to grant his Proposed Plan Modification #2.

Dated: August 3, 2021

/s/ Matthew J. Vivian
Matthew J. Vivian (P54769)
Attorney for Debtor
496 W. Ann Arbor Trail, Suite 102
Plymouth, MI 48170
(734) 446-0340
matt@vivianlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:

Chendamarai Dasarathy,   Case No. 16-50152-lsg
                         Chapter 13
    Debtor.               Hon. Lisa S. Gretchko

_____/

**Proposed**
**ORDER GRANTING 2nd POST-CONFIRMATION PLAN MODIFICATION**

This matter having come before the Court upon Debtor's proposed Post Confirmation Plan Modification #2, all interested parties having received Notice, a Certificate of No Objection having been filed and the court being otherwise advised in the premises, it is Hereby Ordered that;

1) The plan payment delinquency in the amount of $16,510.36 is excused.

2) The ongoing monthly plan payment shall be decreased from $4,110.00 per month to $3,401.00 per month effective August 18, 2021.

3) The Class 9 General Unsecured Creditors shall receive no less than 0% of their duly filed claim.

**Exhibit "A"**

United States Bankruptcy Court
Eastern District of Michigan

In re: Chendamarai Dasarathy

               Debtor.

Case No. 16-50152-lsg
Chapter 13
Judge Lisa S. Gretchko

_____/

<u>Notice of Deadline to Object to Proposed Chapter 13 Plan Modification #2</u>

   The deadline to file an objection to the attached proposed chapter 13 plan modification is 21 days after service.

   If no timely responses are filed to a proposed post-confirmation plan modification, the proponent may file a certificate of no response and request entry of an order approving the plan modification.

   If a timely objection is filed, the Court will set the matter for hearing and give notice of the hearing to the debtor, the proponent of the plan modification, the trustee and any objecting parties. In that event, the plan modification will become effective when the Court enters an order overruling or resolving all objections.

   Objections to the attached proposed chapter 13 plan modification shall be served on the following:

       Matthew J. Vivian (P54769)
       Attorney for Debtor
       496 W. Ann Arbor Trail, Suite 102
       Plymouth, MI 48170

       David Wm. Ruskin
       Standing Chapter 13 Trustee
       26555 Evergreen Rd.
       Suite 1100
       Southfield, MI 48076

Dated:    August 3, 2021

Proponent:
*/s/ Matthew J. Vivian*
Matthew J. Vivian (P54769)
Attorney for Debtor
496 W. Ann Arbor Trail, Suite 102
Plymouth, MI 48170
(734) 446-0340
matt@vivianlaw.com